IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARREN BICKFORD,　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　　　　:　　　Civil Action No. 1:09-cv-161
　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　:　　　Chief Judge Kane
　　　　　　　　　　　　　　　　　　　　　:
TROOPER BENJAMIN A. FRANTZ, et al.,　　:
　　　　Defendants　　　　　　　　　　　　:

**MEMORANDUM ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On October 15, 2010, Plaintiff Darren Bickford filed a "motion to set aside the clerk of court's taxation of costs," which this Court will construe as an objection to the taxing of costs.[1] (Doc. No. 60.) Plaintiff failed to file a certificate of nonconcurrence as is required by Local Rule 7.1. Plaintiff also failed to file a brief in support of the motion within fourteen days as is required by Local Rule 7.5. Defendants filed a brief in opposition on October 25, 2010. (Doc. No. 61.) On November 18, 2010, Plaintiff filed an untimely[2] reply to Defendants' brief in opposition, which was dated October 26, 2010, and labeled as a "brief in support." (Doc. No. 62.) For the reasons stated more fully herein, the Court will deny Plaintiff's motion.

**I.　　BACKGROUND**

On January 26, 2009, Plaintiff filed suit against Defendants pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. (Doc. No. 1.) A jury returned a verdict for Defendants on June 9, 2010

---

[1] Although Plaintiff is not proceeding pro se the Court will liberally construe this motion. As Defendants rightly observe, a motion to set aside a taxation of costs would be nonsensical at this juncture as the taxation of costs has not yet occurred. (Doc. No. 61 at 2.)

[2] Under Local Rule 7.7, the movant must submit a reply brief within fourteen days of service of the brief in opposition.

1

(Doc. No. 48), and judgment in favor of Defendants was entered that same day (Doc. No. 50). On June 17, 2010, eight days after final judgment was entered, Defendants submitted a bill of costs in accordance with Local Rule 54.3. (Doc. No. 51.) Plaintiff filed a notice of appeal on July 9, 2010 (Doc. No. 52), which the United States Court of Appeals for the Third Circuit dismissed for failure to timely prosecute on September 2, 2010 (Doc. No. 58). The clerk of court advised Plaintiff of his right to object to the taxing of costs on October 5, 2010. (Doc. No. 59.)

## II. DISCUSSION

Rule 54(d)(1) provides that costs other than attorneys' fees shall be allowed as of course to the prevailing party. Fed. R. Civ. P. 54(d)(1). The rule creates the "strong presumption" that costs are to be awarded to the prevailing party. In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462-63 (3d Cir. 2000). To overcome this strong presumption a district court must "support[] that determination with an explanation." Id. (internal citations omitted). "Moreover, the losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. In support of his motion objecting to the taxation of costs, Plaintiff raises four arguments: (1) the bill of costs is untimely; (2) he is indigent; (3) he proceeded in good faith; and (4) he believes Defendants' costs will be borne by their insurer. (Doc. No. 62 at 1-3.) None of Plaintiff's arguments have even a casual relationship with the law, and thus the Court will only briefly consider them in turn.

Initially, the Court observes that the motion, however it is construed, may be rejected as violating any number of local rules. Under Local Rule 54.3, "[a]ll bills of costs requiring taxation shall be taxed by the clerk, subject to an appeal to the court." M.D.Pa. L.R. 54.3. To that end, Plaintiff's motion is akin to a plaintiff in a civil trial filing a hearsay objection with the

court of appeals in the middle of trial. Moreover, Plaintiff failed to file a brief in support of his motion within fourteen days, which under the Local Rules he is required to do. M.D.Pa. L.R. 7.5. Although these are reason enough to deny the motion, the Court will briefly review the merits of Plaintiff's arguments.

Plaintiff first argues the bill of costs was untimely filed. Local Rule 54.3 requires that a bill of costs be filed no later than thirty days after the entry of final judgment. M.D.Pa. L.R. 54.3. As previously noted, judgment was entered on June 9, 2010. (Doc. No. 50.) The bill of costs was filed on June 17, 2010. (Doc. No. 51.) Therefore, the bill of costs was filed well within the thirty day time limit. Plaintiff appears to believe the letter apprising him of his right to object to the bill of costs was the bill of costs. (Doc. No. 62 at 1.) He is, however, mistaken.

Plaintiff next claims taxation of costs should not be forthcoming because he is indigent. (Doc. No. 62 at 2.) A district court "may, but need not automatically, exempt the losing party from paying costs" if the litigant is indigent. In re Paoli, 221 F.3d at 464. However, unlike the plaintiffs in Paoli who submitted evidence of their indigence, id., Plaintiff has submitted nothing indicating that he is indigent other than an unsupported statement in his reply brief that he is currently incarcerated. Incarceration and indigence are not one and the same – if they were, cases filed by prisoners would receive automatic in forma pauperis status and they would be spared from the rigors of 28 U.S.C. § 1915. Notably, Plaintiff has been represented by counsel at all stages of this litigation and has never even applied for in forma pauperis status. Therefore, because the Court need not blindly credit naked claims of indigence, Plaintiff's second argument will not be availing.

Plaintiff's third claim is that taxation of costs is not warranted because he proceeded in

3

good faith. However, the Third Circuit has explicitly rejected using "the losing party's good faith as a relevant factor." In re Paoli, 221 F.3d at 467. The court went on to hold that "[t]he only time the losing party's conduct should be at issue is if the losing party acted in bad faith during the course of litigation and then requested a costs award reduction." Id. Plaintiff has not identified any reason to disregard this binding precedent.

Finally, Plaintiff claims that taxation of costs would be inequitable because "[i]t is assumed that the Troopers have insurance coverage provided to them to cover the costs of defending their actions while on duty." (Doc. No. 62 at 3.) Setting aside the pitfalls of premising motions to the Court on "assumptions," Plaintiff is unable to identify any support for the proposition that the Court may consider whether a defendant is insured when taxing costs. Because the Court need not credit unsupported arguments, this claim must fail.

**ACCORDINGLY**, on this 9th day of December 2010, upon consideration of Plaintiff's motion to set aside the clerk of court's taxation of costs (Doc. No. 60), **IT IS HEREBY ORDERED THAT** Plaintiff's motion is **DENIED**.

    S/ Yvette Kane  
Yvette Kane, Chief Judge  
United States District Court  
Middle District of Pennsylvania